Filed 5/2/25

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| In re the Marriage of J.G. and K.G. | C100075 |
| --- | --- |
| J.G.,<br><br>        Respondent,<br><br>    v.<br><br>K.G.,<br><br>        Appellant. | (Super. Ct. No. PFL20190950) |

APPEAL from a judgment of the Superior Court of El Dorado County, Lauren Courtney Bowers, Judge.  Reversed with directions.

Layla Cordero Law and Layla Cordero for Appellant.

J.G., in pro. per., for Respondent.

1

Family Code section 3044[1] establishes a rebuttable presumption that awarding custody of a child to a parent who has committed an act of domestic violence against the other parent within the previous five years is detrimental to the best interest of the child. In order to overcome this presumption, the offending parent must convince the court that an award of custody to that parent is in the child's best interest, and the court must make specified findings either on the record or in writing.

In this case, a judge found that K.G. (Mother) was the victim of domestic abuse by J.G. (Father) and that the presumption under section 3044 existed to Mother's benefit. Nearly three years later, a second judge denied Mother's request to modify the prior order that awarded joint legal custody and to award her sole custody. In denying the request, the court found section 3044's presumption was rebutted.

Mother appeals, arguing section 3044's presumption was never previously rebutted and to the extent the second judge found it rebutted, the court failed to make any of the statutorily required findings. We agree and thus reverse and remand to the family court with directions to hold a new hearing on Mother's request to modify custody.

## FACTUAL AND LEGAL BACKGROUND

Following a bench trial in 2021, the court found that domestic violence was perpetrated by Father against Mother in 2019. The court also awarded joint legal custody, noting, "the parties agreed to joint legal custody, despite the . . . [section] 3044 presumption. Hearing no objections at the hearing, the Court reaffirms the joint legal custody agreement." The court also ordered Father to complete a coparenting course, attend anger management courses with a parenting focus, and to undergo alcohol testing after his parenting time.

In December 2022, the court entered judgment for the dissolution of marriage.

---

[1]     Further undesignated statutory references are to the Family Code.

In March 2023, Mother requested a modification in child custody. In September 2023, a second judge issued a tentative ruling on Mother's request. In the ruling, the court noted that it had reviewed the 2021 posttrial order, including the findings of domestic violence perpetrated by Father against Mother and found the presumption remained applicable but noted the parties had agreed to share custody for the past two years. The court referred the parties to child custody recommending counseling (CCRC) and requested the assigned counselor from CCRC consider section 3044's presumption and what, if any, steps Father had taken to overcome the presumption. The court ordered the parties to appear at a future date and ordered Father to bring any documentation supporting his assertion that he completed the court-ordered parenting and anger management classes.

The CCRC counselor reported the following: "The undersigned has been directed by the Court to determine whether or not [Father] has taken any steps to overcome the rebuttable presumption that joint legal and physical custody with a perpetrator of Domestic Violence is not in the children's best interest. The undersigned is unable to locate any documentation in the case file to support Father's assertions that he has completed an Anger Management Program or that he has completed co-parenting counseling . . . . Based upon the current information available, it does not appear that Father has engaged in services which would overcome the rebuttable presumptions of . . . [section] 3044." The counselor continued, "The undersigned does not believe that the presumptions inherent in . . . [section] 3044 have been overcome. [¶] The undersigned believes that it is in the best interest of the children to maintain the current parenting pattern."

At the hearing, Mother argued that Father had not overcome the section 3044 presumption, nor did he complete the court-ordered programs. Father argued that while he completed the required programs, showing proof of completion was "completely unnecessary at this point in time," since the parties had agreed to joint custody two years

3

prior. Father also argued that it was "very disturbing" that Mother would argue that Father was not entitled to equal custody because he did not complete the required programs when she agreed to such an arrangement.

At a hearing held on October 5, 2023, the court ruled as follows: "The court has read and considered the filings in this matter, including the most recent CCRC report. The court notes [that the prior judgment was not a final custody order and] . . . the best interest of the children's standard does apply. [¶] The court finds that the current orders remain in the children's best interest. The court concurs with the arguments set forth by [Father's attorney] today that it is troubling that, although, there was a finding of domestic violence and that the—a finding that the presumptions of 3044 would apply, that subsequent to that, those presumptions were rebutted. And the parties reached an agreement regarding joint physical and joint legal custody. [¶] And the court would note, that there was a step-up plan in place for the joint physical custody portion of this; that—that [Mother] and [Father] agreed to; and the court adopted as its order. It is troubling now that [Mother] wants to go back on those agreements." The court denied Mother's request for a statement of decision.

## DISCUSSION

Mother contends the family court erred in finding that Father had rebutted the section 3044 presumption, failed to state in writing or on the record its reasons in making such a finding, and erroneously denied Mother's request for sole legal and physical custody. Father did not file a respondent's brief.[2]

In making child custody determinations, the court's " 'overarching concern is the best interest of the child.' " (*In re Marriage of Brown & Yana* (2006) 37 Cal.4th 947,

---

[2]    If a party fails to timely file a respondent's brief, we may decide the appeal on the record, the opening brief, and any oral argument by appellant. (Cal. Rules of Court, rule 8.220(a)(2).) Respondent appeared and was heard at oral argument.

955.)  "In considering the impact of domestic violence on the 'best interest' of the child, the Legislature has declared that 'the perpetration of child abuse or domestic violence in a household where a child resides is detrimental to the health, safety, and welfare of the child.'  (§ 3020, subd. (a).)  This policy has been codified in section 3044 as a rebuttable presumption that sole or joint physical or legal custody of a child should not be given to a parent who has perpetrated domestic violence."  (*Noble v. Superior Court* (2021) 71 Cal.App.5th 567, 576.)  Section 3044 provides, "Upon a finding by the court that a party seeking custody of a child has perpetrated domestic violence within the previous five years against the other party seeking custody of the child, . . . there is a rebuttable presumption that an award of sole or joint physical or legal custody of a child to a person who has perpetrated domestic violence is detrimental to the best interest of the child, pursuant to Sections 3011 and 3020.  This presumption may only be rebutted by a preponderance of the evidence."  (§ 3044, subd. (a).)  Furthermore, "This presumption is mandatory and the trial court has no discretion in deciding whether to apply it:  '[T]he court *must* apply the presumption in any situation in which a finding of domestic violence has been made.  A court may not " 'call . . . into play' the presumption contained in section 3044 only when the court believes it is appropriate." ' "  (*Celia S. v. Hugo H.* (2016) 3 Cal.App.5th 655, 661 (*Celia S.*); see also *In re Marriage of Fajota* (2014) 230 Cal.App.4th 1487, 1498 (*Fajota*).)  "The legal effect of the presumption is to shift the burden of persuasion on the best interest question to the parent who the court found committed domestic violence."  (*Celia S.*, at p. 662.)  The presumption may only be rebutted by a preponderance of the evidence.  (§ 3044, subd. (a).)

"Subdivision (b) of section 3044 sets forth the factors a court must consider when assessing if the presumption has been rebutted.  First, the court must be satisfied that the award of custody is in the child's best interest.  (§ 3044, subd. (b)(1).)  Second, the court must be satisfied that on balance, the six additional enumerated factors support an award of custody.  Those factors include whether the perpetrator has successfully completed a

5

batterer's treatment program, drug or alcohol counseling, and/or a parenting class, also, whether the perpetrator is on probation or parole, is the subject of a restraining order, or has committed further acts of domestic violence. (§ 3044, subd. (b)(2).) If the court determines the presumption has been rebutted, it must state the reasons for its decision in writing or on the record. The statement of reasons must address all of the factors outlined in section 3044, subdivision (b). (§ 3044, subd. (f); *Jaime G. v. H.L.* (2018) 25 Cal.App.5th 794, 805.)" (*Abdelqader v. Abraham* (2022) 76 Cal.App.5th 186, 196 (*Abdelqader*).) "In determining the best interest of the child, the preference for frequent and continuing contact with both parents . . . may not be used to rebut the presumption, in whole or in part." (§ 3044, subd. (b)(1).)

" 'We review custody . . . orders for an abuse of discretion, and apply the substantial evidence standard to the . . . court's factual findings. [Citation.] A court abuses its discretion in making a child custody order . . . if it applies improper criteria or makes incorrect legal assumptions.' [Citation.] If the presumption of section 3044 is triggered, the failure to apply it is an abuse of discretion." (*Noble v. Superior Court*, *supra*, 71 Cal.App.5th at p. 578, italics omitted.)

In this case, when the court ruled on the motion for change of custody, it recognized the presumption was triggered by the prior finding of abuse but then stated, "subsequent to that, those presumptions were rebutted." We find no evidence in the record that either the first or second judge fulfilled the court's mandatory duty in finding the presumption was rebutted.

In 2021, the first judge found instances of abuse by Father that triggered the presumption in section 3044. The judge then noted the agreement of the parties to share custody despite the presumption and, faced with no objection, "reaffirm[ed] the joint legal custody agreement." But the first judge did not actually find the presumption was rebutted nor did the judge address all of the factors outlined in section 3044, subdivision (b) or state the reasons for their decision in writing or on the record. (*Abdelqader*, *supra*,

6

76 Cal.App.5th at p. 196.)  Indeed, the 2023 tentative order issued by the second judge indicates the second judge understood as much, when that judge noted the presumption "remain[ed] applicable" and requested the CCRC counselor to consider the presumption and what steps Father had taken to overcome it.

In ruling on Mother's request for modification of custody in 2023, the second judge simply stated that subsequent to the finding of abuse triggering the presumption under section 3044, "those presumptions were rebutted."  But the second judge did not identify when or how the presumption was rebutted, address any of the factors outlined in section 3044, subdivision (b), or state the reasons for their decision in writing or on the record as required by section 3044, subdivision (f).  (*Abdelqader*, *supra,* 76 Cal.App.5th at p. 196.)  Once the presumption in section 3044 is triggered, the court must determine— putting its findings on the record—the presumption has been overcome before it can award sole or joint legal or physical custody to the perpetrator.  (*Celia S.*, *supra*, 3 Cal.App.5th at p. 662.)  The court's failure to do so was error and is alone sufficient to warrant reversal.  (*Ellis v. Lyons* (2016) 2 Cal.App.5th 404, 417.)

To the extent the court relied on the parties' agreement to jointly share custody to overcome the presumption, we conclude this was also error.  First, the court's acceptance of the parties' stipulation to joint custody without complying with section 3044 effectively ignored the subject child's best interest.  Section 3044 not only establishes a presumption that custody by the parent who perpetrated domestic violence is detrimental to the child's best interest, it also requires the court to consider the child's best interest when determining whether the presumption has been overcome.  The court failed to make that required determination here.  (§ 3044, subds. (a), (b)(1).)  Second, the court failed to make requisite findings.  The family court *must* make specific findings on each of the factors set forth in section 3044 subdivision (b) when articulating reasons why the presumption has been overcome.  (See § 3044, subd. (f)(2); *Celia S.*, *supra*, 3 Cal.App.5th at p. 662; see also *Jaime G. v. H.L.*, *supra*, 25 Cal.App.5th at pp. 805-806

[explaining that the requirement of specific findings on each factor furthers the legislative goal that "family courts to give due weight to the issue of domestic violence"].)  The parties' purported preference cannot absolve the court of its mandatory obligation to consider and balance the statutory factors in making the requisite finding.  (See *C.C. v. D.V.* (2024) 105 Cal.App.5th 101, 112 [absent a finding that the perpetrator rebutted the presumption in § 3044, an order maintaining existing order of joint legal custody was erroneous]; *Celia S.*, at p. 661 [the "presumption is mandatory and the trial court has no discretion in deciding whether to apply it"].)

Importantly, the parties' stipulation runs afoul of section 3044, subdivision (b), which expressly forbids the court from considering, in whole or in part, the preference for frequent and continuing contact with both parents in order to rebut the presumption.[3] (*Jason P. v. Danielle S.* (2017) 9 Cal.App.5th 1000, 1032.)  Section 3020, subdivision (c) also effectively prohibits such consideration.  It provides that when the policies regarding the court's duty to ensure that the health, safety, and welfare of children is its primary concern in determining the best interests of children (set forth in § 3020, subd. (a)) conflict with the policy of this state to ensure that children have frequent and continuing contact with both parents after the parents have separated (as set forth in § 3020, subd. (b)), a court's order regarding physical or legal custody or visitation shall be made in a

---

[3]      Section 3044, subdivision (b)(1) states, in relevant part, that in determining whether the presumption is rebutted, "the preference for frequent and continuing contact with both parents, as set forth in subdivision (b) of Section 3020 . . . may not be used to rebut the presumption, in whole or in part."  Section 3020, subdivision (b) states, "it is the public policy of this state to ensure that children have frequent and continuing contact with both parents after the parents have separated or dissolved their marriage, or ended their relationship, and to encourage parents to share the rights and responsibilities of child rearing in order to effect this policy, except when the contact would not be in the best interests of the child, as provided in subdivisions (a) and (c) of this section and Section 3011."

manner that ensures the health, safety, and welfare of the child and the safety of all family members.  (§ 3020, subd. (c).)  Considering these statutory provisions together leads us to conclude that when the section 3044 presumption is triggered, the court may not rely on the parties' stipulation to award joint custody unless and until the perpetrator successfully rebuts the presumption because, as a matter of law, providing the abusive parent with custody of the child is presumed contrary to the best interest of the child.  (§ 3044, subd. (a); *Celia S.*, *supra*, 3 Cal.App.5th at p. 662.)

A contrary interpretation would be at odds with the legislative purpose underlying section 3044.  The Legislature's intent was "to move family courts, in making custody determinations, to consider properly and to give heavier weight to the existence of domestic violence."  (*Jaime G. v. H.L.*, *supra*, 25 Cal.App.5th at p. 805.)  "Presumptions are used in this context because courts have historically failed to take sufficiently seriously evidence of domestic abuse."  (*Id*. at p. 806.)  "Requiring judges to state their reasons on the record if they've determined the presumption has been overcome is particularly important 'to facilitate appellate review, as well as to inform the parties and ensure consideration of the proper factors in the first instance.'  (*City and County of San Francisco v. H.H.* (2022) 76 Cal.App.5th 531, 546.)"  (*C.C. v. D.V.*, *supra*, 105 Cal.App.5th at p. 111.)

We find *Fajota*, *supra*, 230 Cal.App.4th 1487 instructive.  In that case, the court found the father perpetrated abuse against the mother.  (*Id*. at p. 1491.)  Yet several judges made orders granting or affirming joint legal custody for the father without applying the mandatory presumption provided in section 3044.  The first judge to address custody did not apply the presumption—because it was incompatible with the prior judge's refusal to issue a restraining order—and instead simply adopted the counselor's recommendation to award joint custody.  (*Fajota*, at p. 1493.)  The appellate court found this error, reiterating the presumption applies in custody determinations *whenever* there is a finding that one parent committed an act of domestic violence against a relevant party within the past five

9

years, regardless of whether a restraining order was issued. (*Id.* at p. 1499; § 3044, subd. (a).) The appellate court also found this error was compounded by a third judge's failure to reconsider the custody order despite the fact that that judge was aware of section 3044's presumption against awarding joint custody to a perpetrator of domestic abuse. Instead, the third judge stated, " 'If you currently have joint, legal custody—at this point, I'll leave that in place.' " (*Fajota*, at p. 1496.) The judge then indicated that the father would have to comply with certain requirements in the future in order to " 'overcome [the] presumption of Family Code section 3044.' " (*Id.* at p. 1500.) The appellate court found reversible error as there was no reasonable basis for the family court's failure to apply the section 3044 presumption at either of the two hearings at which the court addressed custody. (*Fajota*, at p. 1500.)

Similarly, here, despite the fact that section 3044 bars an award of joint legal or physical custody unless the presumption is first overcome, the family court awarded custody to Father without requiring him to overcome the presumption, instead opting to leave the current arrangement in place. This was an abuse of discretion. (See *Fajota*, *supra*, 230 Cal.App.4th at p. 1500; *Celia S.*, *supra*, 3 Cal.App.5th at p. 664 [finding the trial court abused its discretion by failing to properly apply § 3044's rebuttable presumption and instead awarding joint physical custody without evidence showing that custody arrangement was in the children's best interest]; *C.C. v. D.V.*, *supra*, 105 Cal.App.5th at pp. 109-112 [absent a finding that the perpetrator rebutted § 3044's presumption, the order granting joint legal custody was erroneous].)

Given section 3044's requirement that a court state its reasons on the record when it determines a perpetrator of domestic violence has rebutted the presumption, we will not imply findings. (*Abdelqader*, *supra*, 76 Cal.App.5th at pp. 197-198.) Nor will we conduct a section 3044 analysis in the first instance. (*Jaime G. v. H.L.*, *supra*, 25 CalApp.5th at p. 809 [remanding for a new hearing].) Accordingly, we must reverse

the order denying the request for modification of custody and remand the cause to the family court to reassess custody in a manner consistent with this opinion.

## DISPOSITION

The order denying the request for modification of custody is reversed and remanded for the family court to hold a new hearing, reassessing custody in light of current circumstances and the presumption set forth in section 3044, and to enter a new custody order after applying the presumption.  Mother shall recover her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)


　　　　　　　　　　　　　　　　　　　　／s／　　　　　　　　　
　　　　　　　　　　　　　　　　　　　EARL, P. J.


We concur:


　　　／s／　　　　　　　
DUARTE, J.


　　　／s／　　　　　　　
BOULWARE EURIE, J.


11